UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In Re:<br><br>Tampa Life Plan Village, Inc.,<br><br>Debtor. | Case No. 8:24-bk-01885-RCT<br>Chapter 11 |
| Steven J. Solomon, as Liquidating Trustee under the TLPV Liquidating Trust,<br><br>Plaintiff,<br><br>vs.<br><br>US Foods, Inc., a Delaware Corporation,<br><br>Defendant. | Adversary No. 8:26-ap-00107-RCT |

**MOTION TO APPROVE COMPROMISE OF CONTROVERSY BY AND BETWEEN DEBTOR TAMPA LIFE PLAN VILLAGE, INC. AND US FOODS, INC.**

**NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST FOR HEARING**

If you object to the relief requested in this paper you must file a response with the Clerk of Court at Sam Gibbons United States Courthouse, 801 N. Florida Avenue, Suite 555, Tampa, Florida 33602-3899 within 21 days from the date of the attached proof of service, plus an additional three (3) days if this paper was served on any party by U.S. Mail.

If you file and serve a response within the time permitted, the Court will either notify you of a hearing date or the Court will consider the response and grant or deny the relief requested in this paper without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, and the Court may grant or deny the relief requested without further notice or hearing.

**You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated if you do not timely file and serve a response.**

Steven J. Solomon, solely in his capacity as Liquidating Trustee of the TLPV Liquidating Trust (the "Liquidating Trustee" ") files this *Motion to Approve Compromise of Controversy by and between the TLPV Liquidating Trust and US Foods* ("Motion") and states:

## SUMMARY OF RELIEF REQUESTED

1. On April 2, 2026, the Liquidating Trustee filed a complaint (the "Adversary Proceeding") in the above-captioned case (the "Case") against US Foods, Inc. ("US Foods") in the United States Bankruptcy Court for the Middle District of Florida, Tampa Division (the "Bankruptcy Court"), seeking to avoid and recover certain transfers of property made by the Debtor pursuant to sections 547 and 550 of title 11 of the United States Code (the "Bankruptcy Code") and, subject to proof, sections 548 and 550 of the Bankruptcy Code.

2. Informally, US Foods provided the Liquidating Trustee with documentation supporting the affirmative defenses it would assert in an answer. This documentation was thoroughly considered in arriving at this resolution.

3. The Liquidating Trustee and US Foods entered into a Settlement Agreement ("Settlement Agreement"), attached hereto as Exhibit A, to provide for a compromise of controversies and a resolution of the Adversary Proceeding (the "Settlement"). Because the Settlement's result rests fully within the range of reasonable outcomes, the Court should approve the Settlement—as set forth in the Settlement Agreement—and grant this Motion.

## JURISDICTION

4. This Court is the proper venue for this Case pursuant to Local Rule 1071-1(b)(4) and 28 U.S.C. §§ 89(b), 151, 1408(1), and 1409.

5. Consideration of this Motion constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The predicates for the relief requested herein include section 105(a) of Title 11 of the United States Code (Title 11 being the "Bankruptcy Code"), rules 4001(a)(4) and 9019 of the Federal Rules of Bankruptcy Procedure (each such rule a "Bankruptcy Rule"), and Local Rule 9019-1.

**RELEVANT BACKGROUND**

6. On April 29, 2024 (the "Petition Date"), Tampa Life Plan Village, Inc. (the "Debtor") filed a voluntary petition for relief under chapter 11, title 11 of the United States Code (the "Code") in the United States Bankruptcy Court for the Middle District of Florida (the "Court"), thereby commencing this case under Case No. 8:24-bk-01885-RCT (the "Case");

7. On January 27, 2025, the Bankruptcy Court confirmed the *Joint Chapter 11 Plan of Liquidation of Tampa Life Plan Village, Inc.* (the "Plan") [ECF No. 834] by entry of the *Order (i) Approving the Adequacy of the Joint Disclosure Statement of Debtor Tampa Life Plan Village, Inc. on a Final Basis and (ii) Confirming the Joint Chapter 11 Plan of Liquidation of Debtor Tampa Life Plan Village, Inc.* (the "Confirmation Order") [ECF No. 868];

8. On January 10, 2025, the Debtor filed the TLPV Liquidating Trust Agreement (the "Liquidating Trust Agreement") [ECF No. 854].

9. Pursuant to the Plan, the Confirmation Order and the Liquidating Trust Agreement, the TLPV Liquidating Trust (the "Trust") was established and a liquidating trustee was appointed and authorized to administer assets and pursue causes of action on behalf of the Trust.

10. Pursuant to the Plan and the Liquidating Trust Agreement, Luis E. Rivera, II was initially appointed as Liquidating Trustee of the TLPV Liquidating Trust; thereafter, Mr. Rivera resigned effective September 26, 2025 and, on October 2, 2025, the Bankruptcy Court entered an

order approving the appointment of Steven J. Solomon as successor Liquidating Trustee of the TLPV Liquidating Trust, with such appointment effective immediately.

11. The Debtor and US Foods had a business relationship prior to the Bankruptcy and in connection with that relationship, the Debtor transferred approximately $72,134.00 to US Foods.

12. On April 2, 2026, the Liquidating Trustee, through counsel, filed the Adversary Proceeding.

13. The Parties negotiated in good faith to resolve their dispute amicably pursuant to the terms of the settlement agreement and without admission of liability by either party.

14. Pursuant to the Liquidating Trust Agreement, the resolution of any controversy involving more than $50,000 requires the Bankruptcy Court's approval.

**<u>SUMMARY OF SETTLEMENT TERMS</u>**

15. To avoid costs associated with the Litigation, the Debtor and US Foods have agreed to the Settlement, which may summarized as follows:

16. The Parties have agreed that US Foods will pay a total sum of $2,500 to the Liquidating Trustee settling the Liquidating Trustee's claims in its Adversary Proceeding as fully set forth in the Settlement Agreement.

17. This Settlement Agreement shall not serve as or be construed as any evidence of liability, responsibility, prevailing party, culpability or admission, and shall bring finality to the Adversary Proceeding, extinguishing any and all current, pending and future claims related to the Adversary Proceeding and the Case.

## **RELIEF REQUESTED**

18. The Liquidating Trustee respectfully requests the Court enter an order, as provided for in the Settlement Agreement: (i) granting this Motion; (ii) approving the Settlement as provided in the Settlement Agreement; (iii) waiving the stay period imposed by Bankruptcy Rule 4001(a)(4), to the extent applicable; (iv) retaining jurisdiction to enforce the Settlement; and (iv) granting the Parties any other relief the Court deems appropriate.

19. A proposed order, in the event that no party objects to the relief requested herein, is attached to this Motion as Exhibit B.

## **BASES FOR RELIEF REQUESTED**

20. The Court should grant the Motion because the Settlement is reasonable, and an order approving the Settlement is appropriate to carry out the Bankruptcy Code's terms. "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). "On motion . . . and after hearing on notice to creditor; the debtor . . . and such other entities as the Court may designate, the Court may approve a settlement." Fed. R. Bankr. P. 9019.

21. To approve the Settlement, the Court must inquire into its reasonableness. To determine the reasonableness of a proposed settlement, the United States Court of Appeals for the Eleventh Circuit has outlined four factors: (i) the probability of success in litigation; (ii) the likely difficulties in collection; (iii) the complexity of the litigation involved, and the expense, inconvenience, and delay necessarily attending same; and (iv) the paramount interest of creditors, with a proper deference to their views. *In re Justice Oaks II, LTD*, 898 F.2d 1544 (11th Cir. 1990).

22. The Parties each believe that it would be forced to engage in costly litigation to settle the claims and incur costs and fees that are far more significant than a settlement between

the Parties. However, absent the Settlement, the Parties agree that the possibility of success would warrant continuation of the Litigation.

23. Settling this matter is in the best interest of the Creditors as it will preserve the estate and allow for a greater distribution to the Creditors.

24. Bankruptcy courts approve proposed settlements that do "not fall below the lowest point in the range of reasonableness." *In re Martin*, 490 F.3d 1272, 1275 (11th Cir. 2007) (internal citations omitted). "In other words, the proposed settlement should be approved unless it yields less than the lowest amount that the litigation could reasonably produce." *In re Bicoastal Corp.*, 164 B.R. 1009, 1016 (Bankr. M.D. Fla. 1993) (Paskay, C.J.).

25. Litigation of the Adversary Proceeding would result in unnecessary costs to the Debtor's Estate and reduce any distribution to the Creditors.

26. Lastly, there is no basis for objecting to waiver of the Bankruptcy Rule 4001(a)(4) stay period if this Motion is granted; the Court should waive the stay if no such specific objection is articulated. *Cf.* 10 *Collier on Bankruptcy* ¶ 6004.11 (16th ed. 2025) (stating of a similar stay period that "because the purpose of the rule is to protect the rights of an objecting party, the court should eliminate the 14-day stay period and allow the sale or other transaction to close immediately in *all* cases where there has been no objection to the procedure.").

27. The Settlement is appropriate, and an order granting this Motion would be appropriate to carry out the terms of Bankruptcy Code sections 547, 548, and 550, which were raised in the Adversary Proceeding. Accordingly, the Court should grant this Motion.

WHEREFORE, the Parties respectfully request the Court enter an order, as provided for in the Settlement Agreement: (i) granting this Motion; (ii) approving the Settlement as provided in the Settlement Agreement; (iii) waiving the stay period imposed by Bankruptcy Rule 4001(a)(4),

to the extent applicable; (iv) retaining jurisdiction to enforce the Settlement; and (iv) granting the Parties any other relief the Court deems appropriate.

Dated: August 14, 2026

Respectfully submitted,

**GRAYROBINSON, P.A.**
333 S.E. 2nd Avenue, Suite 3200
Miami, Florida 33131
Tel: (305) 416-6880
Fax: (305) 416-6887
Steven.solomon@gray-robinson.com

By: *<u>/s/ Steven J. Solomon</u>*
Steven J. Solomon, Esq.
Florida Bar No. 931969

*Counsel to Steven J. Solomon, as Liquidating Trustee*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy hereof has been served by first class U.S. Mail, postage prepaid, upon Christina Sanfelippo, Esq., Cozen O'Connor, Counsel for Defendant US Foods, Inc., 123 North Wicker Drive, Suite 1800, Chicago, IL 60606, on August ___, 2026.

By: *<u>/s/ Steven J. Solomon</u>*
Steven J. Solomon, Esq.